**UNITED STATES of America,
Plaintiff,**

v.

**Philip G. ARNESON et al., Defendants,**

v.

**The STATE OF WISCONSIN, Department of Revenue, Applicant for Intervention.**

**No. 70–C–183.**

United States District Court,
W. D. Wisconsin.

Oct. 1, 1971.

John O. Olson, U. S. Atty., Madison, Wis., for plaintiff.

Harry A. Speich, Mineral Point, Wis., for Theodore Arneson.

Arneson, Berg & Doyle, La Crosse, Wis., for Philip Arneson, Mari Arneson, and the firm.

Dale Thompson, Madison, Wis., for Jean Arneson.

John Bosshard, pro se.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action brought by the United States government for the collection of tax monies allegedly owed to it. Jurisdiction is claimed under 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402, 7403.

Plaintiff, in its complaint, alleges *inter alia* that, on two separate occasions, a delegate of the Secretary of the Treasury "made assessments in compliance with law" against the defendant taxpayers, Philip Arneson, Mari Arneson, and Jean Arneson, for unpaid income taxes, together with interest and penalties thereon, for the taxable period 1961 through 1966; that, upon the making of these assessments, federal tax liens securing payment of the amounts outstanding under such assessments arose in plaintiff's favor in the amount of $53,422.63; that defendant Philip Arneson is an heir and beneficiary of his deceased father, Anton Arneson, whose estate is presently pending in Probate Court of Iowa County, Wisconsin, and with respect to which interest the federal tax liens described aforesaid attach for the amounts of the tax liabilities outstanding; and that defendant Philip Arneson has executed documents attempting to convey and alleviate his interest in the estate of his deceased father.

Plaintiff seeks a judgment that would determine *inter alia* that the defendant taxpayers are indebted to plaintiff in the sum of $53,422.63; that would enjoin defendant Philip Arneson from as-

signing, transferring or encumbering his interest in the estate of his deceased father, Anton Arneson; and that would order that the federal tax liens of the plaintiff be foreclosed against the property of Philip Arneson described in the complaint.

Pursuant to Rule 24(c), F.R.Civ.Pro., the Department of Revenue of the State of Wisconsin has served upon the parties to this action a motion to intervene. In support of this motion, the Department argues that it has a substantial interest in the property of Philip Arneson, which property is "the subject of the action commenced and relief prayed for therein," and that, unless permitted to intervene, it will be impeded in the protection of its interest in the aforesaid property.

Rule 24(a), Fed.Rules of Civil Procedure, provides in pertinent part that:

> "Upon timely application anyone shall be permitted to intervene in an action; . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The purpose of the rule has been stated to be to allow intervention as a matter of right "if an absentee would be substantially affected in a practical sense by the determination made in an action . . ." Moore's Federal Practice (Rules Pamphlet—1968 Ed.) p. 559.

The Wisconsin Department of Revenue has filed a timely motion for intervention. It has claimed an interest in the property of Philip Arneson, property to which plaintiff has asked that its tax liens be applied. And it has claimed that it is so situated that its interest in Philip Arneson's property will not be ad-

equately protected by the existing parties. Intervention must be allowed.

Accordingly, the motion to intervene of the Department of Revenue, State of Wisconsin is hereby granted.